MARK K. HSU, ESQ.
JOANNA L. DROZD, ESQ.
HAWKINS PARNELL THACKSTON & YOUNG LLP
600 Lexington Avenue, 8th Floor
New York, New York 10022-7678
Phone: (212) 897-9655
Fax: (646) 589-8700
mhsu@hptylaw.com
jdrozd@hptylaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HENDRICKS RESOURCES LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>OMNIS MINERAL TECHNOLOGIES, LLC,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT** |

Plaintiff Hendricks Resources Limited ("Hendricks"), by and through counsel, for its Complaint against Omnis Mineral Technologies, LLC ("Omnis"), states and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Hendricks is a Jersey (Channel Islands) company, with its principal place of business in London, England.

2. Omnis is a Delaware limited liability company with a principal office at 3757 State Street, Suite 2A, Santa Barbara, California 93105. Upon information and

belief, all members of Omnis are citizens of states in the United States, not Jersey or England, for the purposes of diversity jurisdiction. The Court has personal jurisdiction over Omnis because, among other reasons, it irrevocably and unconditionally agreed to said personal jurisdiction in the underlying Loan Agreement (as defined herein), Note (as defined herein) and Letter Agreement (as defined herein).

3. The Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(2), in that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the suit is between a citizen of a foreign state and a citizen of a state in the United States.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Loan Agreement (as defined herein), Note (as defined herein), and Letter Agreement (as defined herein) provide that Hendricks and Omnis irrevocably and unconditionally agreed that any suit, action or proceeding with respect to said documents shall be brought in any New York federal court sitting in the Borough of Manhattan, the City of New York.

5. Any and all conditions precedent to bringing this action have occurred, been waived, or are otherwise excused.

## FACTS

6. On or about March 29, 2015, the Defendant, Omnis, executed and delivered to Hendricks a Loan Agreement (as amended and/or modified, the "Loan Agreement"). A true and exact copy of the Loan Agreement is attached to this Complaint as **Exhibit A** and made a part hereof.

7. Pursuant to the terms of the Loan Agreement, on or about March 29, 2015, the Defendant, Omnis, executed and delivered to Hendricks a Convertible Promissory Note in the principal amount of $1,000,000.00 (as amended and/or modified, the "Note"), with interest thereon at the fixed rate of 5.00% per annum, payable in annual payments of interest only beginning on March 30, 2016 and continuing on the last day of each and every year thereafter, with a final payment of the outstanding principal balance and all accrued but unpaid interest due on the Note on the Maturity Date of March 29, 2018. A true and exact copy of the Note is attached to this Complaint as **Exhibit B** and made a part hereof.

8. Pursuant to the terms of the Loan Agreement and the Note, Hendricks delivered to the Defendant, Omnis, in immediately available funds, the sum of $1,000,000.00.

9. On or about May 22, 2015, the Defendant, Omnis, executed and delivered to Hendricks an Amendment to the Loan Agreement and the Promissory Note (the "Amendment"), pursuant to which, among other things, the principal amount was increased to $2,000,000.00. A true and exact copy of the Amendment is attached to this Complaint as **Exhibit C** and made a part hereof.

10. Pursuant to the terms of the Amendment, Hendricks delivered to the Defendant, Omnis, in immediately available funds, an additional sum of $1,000,000.00.

11. On or about July 13, 2015, Hendricks and the Defendant, Omnis, entered into a Letter Agreement (the "Letter Agreement"), as an amendment to the Loan Agreement, pursuant to which, among other things, (i) Hendricks agreed to provide to the

Defendant, Omnis, an additional loan in the principal amount of $1,000,000.00 (the "New Loan"), pursuant to the terms thereof, and (ii) the Defendant, Omnis, agreed to pay the New Loan in full by no later than December 31, 2015. A true and exact copy of the Letter Agreement is attached to this Complaint as **Exhibit D** and made a part hereof.

12. Pursuant to the terms of the Letter Agreement, Hendricks delivered to the Defendant, Omnis, in immediately available funds, an additional sum of $1,000,000.00.

13. The Loan Agreement and Note both contain an acceleration clause which provides that upon default thereunder, Hendricks may declare the entire outstanding principal balance of the Note and unpaid accrued interest thereon to be immediately due and payable.

14. The Note and Letter Agreement are in payment and/or non-payment default because, among other things, the Defendant, Omnis, has failed to remit to Hendricks (i) all or part of the March 30, 2016 annual interest payment due on the Note and (ii) the December 31, 2015 payment for the New Loan due on the Letter Agreement, and Hendricks has declared and does hereby declare, that the entire balance of principal and interest is presently due and owing.

15. On February 13, 2017, Hendricks delivered a default letter to the Defendant, Omnis, advising that the Loan Agreement, Note and Letter Agreement were past due and demanding that payments thereunder be brought current on or before 5 days after said written notice. A copy of said default letter is attached hereto as **Exhibit E** and made a part hereof.

///

16. Defendant did not bring the amounts due current as required under the Loan Agreement, Note and Letter Agreement.

17. As of the date of filing of this Complaint, the Defendant, Omnis, is indebted to Hendricks on the Note and the Letter Agreement in the amount of $3,000,000.00, plus interest, attorney fees, costs, and expenses.

18. The Loan Agreement and Note both provide that upon maturity, whether by acceleration or otherwise, or upon the occurrence of an Event of Default, the applicable rate of interest on the outstanding principal amount shall be increased by five percent (5.00%) per annum. As a result of the aforesaid defaults in payment, Hendricks has elected, and does hereby elect, to increase the applicable rate of interest on the Note and Letter Agreement by five percent (5.00%) per annum, with a ceiling rate of the maximum rate allowed by applicable law.

19. The Loan Agreement and Note both provide that in the event that there is a default, Hendricks is entitled to recover its reasonable costs and expenses of suit, including, but not limited to, its attorneys' fees, costs, and expenses.

## COUNT I
### (Breach of Loan Agreement, Note, and Letter Agreement)

20. Hendricks repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

21. The Loan Agreement, Note, and Letter Agreement are valid and enforceable agreements between Hendricks and the Defendant, Omnis.

///

22. Hendricks has fully complied with all of its obligations contained in the Loan Agreement, Note, and Letter Agreement.

23. The Defendant, Omnis, has breached the Loan Agreement, Note, and Letter Agreement and defaulted under their obligations set forth in the Loan Agreement, Note, the Letter Agreement, respectively, by failing to remit to Hendricks (i) all or part of the March 30, 2016 annual interest payment due on the Note and (ii) the December 31, 2015 payment for the New Loan due on the Letter Agreement.

24. As of February 21, 2017, the Defendant, Omnis, is indebted to Hendricks on the Note and the Letter Agreement in the amount of $3,000,000.00, plus interest, attorney fees, costs, and expenses.

## COUNT II
### (Unjust Enrichment)

25. Hendricks repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

26. Pursuant to the terms of the Loan Agreement, Note, Amendment and the Letter Agreement, respectively, Hendricks delivered to the Defendant, Omnis, in immediately available funds, the aggregate sum of $3,000,000.00.

27. The Defendant's (i) retention of the aggregate sum of $3,000,000.00 without payment in full, (ii) failure to pay Hendricks all or part of the March 30, 2016 annual interest payment due on the Note and (iii) failure to pay Hendricks the December 31, 2015 payment for the New Loan due on the Letter Agreement, under these circumstances, is unjust.

28. As a direct and proximate result of this unjust retention and failure to pay by the Defendant, Omnis, Hendricks has suffered damages in excess of the minimum jurisdictional threshold of this Court, for which judgment against the Defendant, Omnis, is proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Hendricks respectfully demands that the Court enter judgment in its favor against Omnis as follows:

A. Awarding against Omnis and to Hendricks an *in personam* JUDGMENT in the amount of $3,000,000.00 plus interest, attorney fees, costs, and expenses, all to be calculated; and

B. Awarding against Omnis and to Hendricks such other legal and/or equitable relief to which Hendricks is or may become entitled.

RESPECTFULLY SUBMITTED this 21st day of February, 2017.

Mark K. Hsu, Esq.
Joanna L. Drozd, Esq.
HAWKINS PARNELL THACKSTON & YOUNG LLP
600 Lexington Avenue, 8th Floor
New York, New York 10022-7678
Phone: (212) 897-9655
Fax: (646) 589-8700
mhsu@hptylaw.com
jdrozd@hptylaw.com
*Attorneys for Plaintiff*