# **EXHIBIT B**
# (Note)

-10-

# EXHIBIT A
# PROMISSORY NOTE

-11-

## CONVERTIBLE PROMISSORY NOTE

$1,000,000.00                                              Santa Barbara, California
                                                           March 2̲7̲, 2015

**OMNIS MINERAL TECHNOLOGIES, LLC**, a Delaware limited liability company (the "Borrower"), the principal office of which is located at 3757 State Street, Santa Barbara, California 93105, for value received, hereby promises to pay to the order of Hendricks Resources Limited, the principal office of which is located at _____ (the "Lender"), the sum of One Million Dollars ($1,000,000.00), or such lesser amount as then equals the outstanding principal balance hereof and any unpaid accrued interest hereon, as set forth below, on the Maturity Date (as defined below). Payment for all amounts due hereunder will be made by mail to the Lender at the principal office of the Lender as set forth above. The Borrower issues this note ("Note") pursuant to that certain Loan Agreement dated as of March 2̲7̲, 2015, by and between Borrower and Lender (the "Loan Agreement").

The following is a statement of the rights of the Lender and the conditions to which this Note is subject and to which the Lender, by the acceptance of this Note, agrees:

1. *Definitions.* As used in this Note, the following terms, unless the context otherwise provides, have the following meanings:

    a. "Borrower" means Omnis Mineral Technologies, LLC, a Delaware limited liability company, and any entity that succeeds to or assumes the obligations of the Borrower under this Note.

    b. "Interest Payment Date" means the last day of each year with the first such date commencing on March 30, 2016.

    c. "Lender" means Hendricks Resources Limited.

    d. "Maturity Date" means the date that is the third anniversary of the date of this Note.

    e. All other capitalized terms not defined in this Agreement have the same meaning as defined in the Loan Agreement.

2. *Interest.* The Borrower will pay interest at the rate of five percent (5%) per annum (the "Initial Interest Rate") on the outstanding balance of this Note outstanding during the period beginning on the date hereof and ending on the Maturity Date. If any amount payable under this Note or Loan Agreement is not paid when due (without regard to any applicable grace periods), whether at stated maturity, by acceleration or otherwise, such overdue amount shall bear interest at the Default Rate from the date of such non-payment until such amount is paid in full. Accrued interest under this Note will compound annually. Interest payable under this Note will be computed on the basis of a year of 360 days and actual days elapsed occurring in the period for which interest is payable.

Notwithstanding anything in this Note to the contrary, the interest rate charged hereon will not exceed the maximum rate allowable by applicable law. If any stated interest rate herein exceeds the maximum allowable rate, then the interest rate will be reduced to the maximum allowable rate, and any excess payment of interest made by the Borrower at any time will be applied to the unpaid balance of any outstanding principal of this Note.

3. *Events of Default.* If any of the Event of Default occurs, the Lender may, so long as such condition exists, declare the entire outstanding principal balance of this Note and unpaid accrued interest thereon immediately due and payable, by notice in writing to the Borrower, and seek any and all other remedies available at law, equity, contract or otherwise.

4. *Prepayments.* Borrower may not prepay this Note at anytime during the 12 month period after the date of this Note. After that 12 month period, Borrower may prepay this Note in whole or in part at any time or from time to time without premium or additional interest, provided that each such prepayment is accompanied by the accrued interest on the amount of principal prepaid calculated to the date of such prepayment.

5. *Payments.*

   a. Final Payment Date. The aggregate unpaid principal amount of this Note, all accrued and unpaid interest and all other amounts payable under this Note shall be due and payable on the Maturity Date.

   b. Interest Payments. Interest shall be payable annually in arrears to the Lender on each Interest Payment Date.

   c. Application of Payments. All payments made on this Note will be applied, at the option of the Lender, first to late charges and collection costs, if any, then to accrued interest and then to principal.

6. *Assignment.* Subject to the restrictions on transfer described in the Loan Agreement, the rights and obligations of the Borrower and the Lender under this Note will apply to, be binding in all respects upon and inure to the benefit of the parties' respective successors and permitted assigns.

7. *Notices.* All notices, requests, and other communications required or permitted by this Agreement must be in writing and will be deemed duly given when delivered to addressee, at the appropriate address provided in the Loan Agreement, by hand or nationally recognized overnight courier service (costs prepaid), in either event with written confirmation of receipt.

8. *Waivers; Offsets; Costs and Expenses.* The Borrower hereby waives presentment, demand, protest, notice of dishonor and protest and all other exemptions. The Borrower agrees that it may, only with the Lender's consent, extend the time of payment of this Note or any part thereof at or after maturity. Upon an Event of Default the Lender has the right to offset the amount owed to the Lender by the Borrower against any amounts owed to the Borrower by the Lender in any capacity, whether or not due. Upon an Event of Default, the Borrower will pay to the Lender, upon demand, all costs and expenses, including, without limitation, attorneys' fees and legal expenses that the Lender may incur in connection with the enforcement of this Note.

9. *Loan Agreement.* The terms of the Loan Agreement are incorporated herein by this reference.

10. *Governing Law.* This Note will be governed by and construed under the laws of the State of New York without regard to conflict-of-laws principles.

11. *Heading; References.* The headings of sections in this Note are provided for convenience only and will not affect its construction or interpretation. All references to "Sections" refer to the corresponding sections of this Note, unless expressly provided otherwise.

[SIGNATURE PAGE FOLLOWS IMMEDIATELY]

IN WITNESS WHEREOF, the Borrower has caused this Note to be issued as of the date first written above.

OMNIS MINERAL TECHNOLOGIES, LLC

By: _____

Title: PRESIDENT

7510823

4